## CHAPIN *v.* GOODELL.

PRACTICE, REMITTITUR — *judgment for balance of verdict sustained.* Illegal evidence was admitted at the trial ; the jury returned a verdict in the plaintiff's favor for $1,400 ; the plaintiff remitted $800 of the verdict ; there was legal evidence adduced sufficient to show the plaintiff's right to recover the balance ($600).  *Held,* that, after the remittitur was entered, the verdict was correct.

A NEW TRIAL — *because of newly-discovered evidence* when the affidavit of the party applying therefor contradicts the record as to his knowledge or recent discovery of the evidence set up in his affidavit, will not be granted. In such case, sufficient as to the existence of the new evidence was shown on the trial to have put the party upon notice thereof.

*Appeal from District Court, Arapahoe County.*

ONE count of the declaration in this action was for the use and occupation of certain premises held by the appellant from the appellee.  The evidence showed that the appellant owed the appellee, on account of the use, etc., of the premises, for one month, $600.  There was illegal evidence admitted to the jury showing a further indebtedness to the appellee.  A verdict for $1,400 for the appellee (plaintiff) was returned by the jury, October 23, 1874.  The appellee (plaintiff) remitted all but $600, and judgment was

entered for that sum. The appellant moved for a new trial, and in support of the motion, filed his own affidavit, setting up a release in the words and figures following, to-wit:

Know all men by these presents that I, Milton B. Goodell, to whom the following described property was leased heretofore by Barney L. Ford, that is to say, the building and premises known as the Inter-Ocean hotel, on the corner of Blake and Sixteenth streets, and two tenements fronting on Blake street, situated on the southerly side of said hotel, the said hotel and tenements being situated on lots number one, two and three (1, 2 and 3), in block forty-two (42) E. D., do hereby, for value received, bargain, sell, surrender and yield up from this day to Benjamin O. Cutter, assignee of said lease, and the lands and premises therein mentioned, and the term of years therein set forth, and I do covenant that said premises and lease are free and clear from all incumbrance done and suffered by me.

In witness whereof I have hereunto set my hand and seal this 19th day of August, A. D. 1874.

　　　　　　　　　M. B. GOODELL.　　[SEAL] ;

together with a certificate of acknowledgment thereof, the affidavit stated that the deponent further says that he did not know of this said instrument before the trial of said cause, but that a knowledge of the existence of the same came to him after the trial of said cause, and there were other allegations in the affidavit which were not considered by the court.

On the cross-examination of Goodell, by the appellant's attorney, it appeared that the appellant had information as to the existence of said release.

There were questions and answers which arose upon the cross-examination of Cutler, as to that release, as follows, viz. :

"Q. You recollect the time papers were prepared between you and Goodell? A. Yes; somewhere about the

20th of August, I think. Q. There was no written understanding between you until then in regard to the Inter-Ocean hotel, as to his interest? A. Nothing." * * * "Q. You never got together to prepare papers until about the 20th? A. No. Q. You say when the receipt was given it was drawn for rent? A. It was; it made no difference how it was drawn, as long as I had settled it up, got the house out of his hands quietly. Q. You say a release was signed? A. I think there was. Q. Was not that release to take effect on the 1st of September? A. The release — you were doing my business." * * * "Q. Was not the release to be delivered on the 1st of September? A. I don't recollect." * * *

Mr. G. G. SYMES and Mr. W. S. DECKER, for appellant.

Mr. T. G. PUTNAM, for appellee.

STONE, J. This was an action of assumpsit, for use and occupation, and for money lent and advanced. There was a verdict for the appellee for $1,400.

A motion was made for a new trial. Upon the suggestion of the court the appellee remitted $800; thereupon the motion for a new trial was overruled, and judgment rendered against the appellant for $600. The appellant claims that he is entitled to a new trial, on the ground that the court permitted evidence relating to an account between the parties as partners to go to the jury.

That all the testimony in relation to the partnership accounts existing between the parties, and that related to their copartnership business, was improperly admitted by the court, we have no doubt; and, generally, it is a ground for a new trial, if illegal testimony is admitted. Yet, if the illegal testimony did not prejudice the case, or the verdict can be justified without it, or did not affect the verdict, and justice appears to have been done, a new trial will not be granted. *Ware* v. *Gilman,* 49 Ill. 278; *City of Champaign* v. *Patterson,* 50 id. 61; *U. S.* v. *Martin,* 2 McLean, 261 and 347.

Motions for a new trial are addressed to the sound discretion of the court, and are granted or denied, not as a matter of strict right, but as the substantial justice of the case may appear to require, and are based upon the ground that there has not been a fair trial on the real merits; and, therefore, the litigation should be gone over again. *Edmondson* v. *Marshall*, 1 Term R. 4; *Johnson* v. *Harris*, 1 Cranch's C. C. 257; *Lloyd* v. *Scott*, 4 Cranch, 207; *Finch* v. *Green*, 16 Minn. 367. The jury in this case was instructed by the court to "reject from consideration all the testimony of disbursements made by plaintiff on account of the firm of Chapin & Goodell, whether made while they continued as partners or after the partnership ended." That these instructions destroyed the effect of much of the testimony erroneously admitted is evident from the fact that the verdict, as reduced, is for a matter entirely outside the partnership accounts. The record discloses that the judgment was rendered upon the count in the declaration for use and occupation; therefore, the illegal testimony did not prejudice the case; the verdict as it stands is correct, notwithstanding the testimony. *Horford* v. *Wilson*, 1 Tenn. 12; *Ware* v. *Gilman*, 49 Ill. 278.

The appellant claims that he is entitled to a new trial on the ground of newly-discovered evidence, viz.: The deed of surrender or release executed by Goodell to Cutler, on the 19th day of August, 1874.

In his affidavit it is stated that he had no knowledge of the existence of this deed until after the trial.

The record does not sustain the statement made in the affidavit; it shows that, upon the cross-examination of Mr. Cutler, a witness for the plaintiff, five different and distinct interrogatories were propounded to him respecting this same release deed. In view of the questions propounded, and the answers of the witness Cutler, referring to this release deed, we think sufficient evidence was disclosed upon the trial as to its existence to put the appellant upon notice; and the rule is, that the party applying for a new trial on the ground of newly-discovered evidence must make

his diligence apparent; and if it is left even doubtful that he knew of the evidence, or that he might, but for negligence, have known and produced it, a new trial will not be granted.  1 Graham & W. on N. T. 473.

It is insisted that the verdict was manifestly against the evidence in the case.  There is evidence that the defendant occupied the hotel from about the middle of June to the 1st of September, 1874 ; that he was to pay $600 a month; that the rent for June and July was paid.  It does not follow, from the language of the witness, "that the rents for June and July were paid," that it was paid from the middle of June to the middle of August.  That it was not the intention of the witness to be so understood is manifest from what he afterward says, "that no rent was paid for the month of August."

The verdict should be sustained if the evidence, by any fair construction, will warrant the finding.

We think the verdict is authorized by the evidence, and we see no error in the instructions given by the court to the jury.  In our view of the case, it is unnecessary to consider the motion to strike from the files the affidavits of Goodell and Sargent, filed in opposition to the motion for a new trial.

The judgment of the court below is

*Affirmed.*