ULLMAN V. McCORMIC.

1. APPEAL — PRACTICE.— An objection to the admission of a deposition, on the ground that the deponent appears to reside within the jurisdiction of the court, is not available on appeal where the deposition is not made part of the record.
2. FINDINGS OF FACT ON CONFLICTING EVIDENCE.—Where the evidence is conflicting, and the trial court's finding of fact is not manifestly against the weight of evidence, the finding will not be disturbed.
3. IMPROPER EVIDENCE NOT PREJUDICIAL.— The improper admission of evidence, which is not shown to have been prejudicial, does not call for a new trial.

*Appeal from Superior Court of Denver.*

Mr. F. C. EARLY, for appellant.

Mr. E. MILES, for appellee.

REED, C.    This was a suit brought by appellee, Thomas B. McCormic, plaintiff below, against appellant, Harriet Ullman, defendant, to recover on two alleged causes of action:   (1) To recover the sum of $540 for commissions or brokerage in negotiating a loan for the sum of $27,000 on the property of defendant.   (2) That defendant was indebted to the plaintiff in the sum of $2,600 for work, labor and services of the plaintiff in and about the busi-

ness of the defendant, at her request, from the 1st of April, 1881, to the 1st of May, 1885, and for the months of June, July and August of the last-named year, at $50 per month, alleging that the service was worth the sum charged.

Defendant answered, denying respectively the allegations in the two causes of action, and filed a cross-complaint, alleging: (1) That plaintiff was indebted to her on account of the rent of rooms occupied by plaintiff from the 1st day of July, 1883, to the last day of September, 1884, and during the month of August, 1885,— in all, fifteen months,— at an agreed rent of $25 per month, amounting to the sum of $375. (2) That plaintiff was indebted to the defendant in the sum of $550, for attendance and services rendered, and for food and medicine furnished him at various times from the 1st of July, 1883, to September, 1884, and in the month of August, 1885, "when plaintiff was in a helpless condition, caused by protracted and habitual drunkenness." (3) That plaintiff was further indebted to defendant in the sum of $5,000, for damages caused to her business by the riotous and improper conduct of plaintiff when drunk, in driving away other guests, and annoying and disturbing the other occupants of the house; and for damages done by plaintiff to the beds, carpets and furniture in the rooms occupied by him; and asked judgment on the different causes of action for the aggregate sum of $5,925.

Plaintiff answered the cross-complaint, alleging payment in full for rent, and denying the allegations in the second and third causes. The case was tried before the court without a jury. The court found for the plaintiff on his first cause of action in the sum of $500, and for the defendant on appellant's second cause of action. On the cross-complaint of defendant the court found for the plaintiff on all the issues, and gave judgment against defendant for costs. It is assigned for error: (1, 2) That the judgment rendered on appellee's first cause of action

was against the evidence and the law; (3, 4) that the judgment rendered upon appellant's cross-complaint was against the evidence and the law.

The employment of plaintiff by the defendant to negotiate a loan is evidenced by the following memorandum in writing: "To whom it may concern: I have this day authorized Mr. Thomas B. McCormic to make a loan on my property [description of property] * * * in the sum of $25,000, or as much as will clear up the loans and interest upon the property, at eight per cent. per annum, and two per cent. commission in making the loan. [Signed] HARRIET ULLMAN.  Denver, Colo., August 1, 1885."

It is conceded that no loan was consummated and money obtained for the defendant through the agency of the plaintiff, and that on the 15th of August defendant obtained the money from another source.' The appeal was taken and perfected under a peculiar statute in force at that time, under which it was not required that a transcript of all the testimony should be contained in the record sent up, but allowed counsel to send up in an abstract whatever they thought necessary and proper for a review in this court.  Only a part of the testimony is before us, and in that it is a hard matter to distinguish between what the witness testified and the conclusions of counsel in regard to it; but, from the samples furnished, we are satisfied that the testimony was very conflicting and contradictory, and, with the exception of the contract of employment of plaintiff to procure the loan, which was evidenced by the written memorandum, and the arrangement or contract of plaintiff with one W. H. Clise, who was to make the loan upon the terms specified in the memorandum, and perhaps as to the knowledge of the defendant that the arrangement had been made, in which plaintiff's testimony was corroborated by other witnesses, it cannot be said there was any controlling preponderance of testimony.  The judgment of the

court depended entirely upon the credit to which the parties and their witnesses were thought to be entitled, and of this the learned judge of the trial court had far better opportunities of judging than we can have. It cannot be said the court found against the evidence or the weight of the evidence. There was no error in the finding of the facts. Neither were the findings against the law. "When the evidence is conflicting, and the verdict is not manifestly against the weight of evidence, the verdict will not be disturbed" (*Barker v. Hawley*, 4 Colo. 316); and the same rule is applied to the finding of a court.

It is also assigned for error in the fifth assignment that the court admitted in evidence the deposition of Madison P. Wells against the objection of counsel, as stated by counsel, "on the ground that the said witness appears to be a resident of Denver, residing within the jurisdiction of the court, and there was no stipulation waiving it." There is no copy of the deposition in the abstract, and we have only the statement of counsel as to what appears; consequently we cannot review the action of the court in admitting it. The information we are able to obtain in regard to that deposition is very limited. "The deposition of Madison P. Wells on behalf of the plaintiff was introduced in support of plaintiff's second alleged cause of action, and therefore not material here." The court having found the issues in the second cause of action in favor of the defendant, the conclusion of counsel that it was not material was undoubtedly correct. The only other mention of the deposition occurs in the last paragraph of the abstract, where it is said "that, after a further introduction of a portion of the deposition of one Wells, relating to plaintiff's habits, the case was closed," etc. Even if the deposition was improperly admitted in evidence, counsel fails to show that the defendant was prejudiced by the action of the court, or anything contained in the deposition. It is a general

rule that a new trial will not be granted for an entirely harmless error. We are clearly of the opinion that the judgment should be affirmed.

PER CURIAM. Judgment affirmed.

*Affirmed.*