WENDLING CATTLE & LAND CO. V. WOODBURN.

REVIEW — WEIGHT OF EVIDENCE.— Where the evidence was conflict ing, and the findings of the trial court were not manifestly against the weight thereof, the judgment will not be disturbed.

*Appeal from Superior Court of Denver.*

Messrs. T. D. W. YONLEY and I. N. STEVENS, for ap pellant.

Messrs. COE & FREEMAN, for appellee.

RICHMOND, C. In this action, plaintiff, appellee herein, seeks to recover the sum of $1,500, with interest thereon from the 1st day of October, 1886, balance due as purchase price of an undivided one-half interest in certain cattle, horses, ranch, water-rights and improvements.

The complaint alleges that on or about the 9th day of April, A. D. 1886, the plaintiff sold and delivered to the

defendant all his undivided one-half interest in and to all of the cattle branded O. K. and I O U and all horses branded O. K. on the left hip, also his interest in and to the O. K. ranch, in Mora county, N. M., with all water-rights and improvements thereon, at an agreed price of $30,000; that defendant promised to pay therefor the sum of $15,000 on the 1st day of July, A. D. 1886, and $15,000 on the 1st day of October, A. D. 1886; that defendant paid the sum of $15,000 on the 1st day of July; and that, although plaintiff demanded on the 1st of October, 1886, the further sum of $15,000, defendant refused and failed to pay the same.

By the answer to this complaint, defendant alleges that the sole and only consideration of the said $30,000 was a certain contract entered into between the plaintiff and defendant on the 9th day of April, 1886, wherein and whereby, in consideration of the sum of $30,000, $15,000 thereof to be paid by defendant to said plaintiff on the 1st day of July, 1886, and the balance of said sum of $30,000 to be paid October 1, 1886, the plaintiff agreed to sell and deliver his undivided one-half interest in all cattle bearing the O. K. and the I O U brands, and all horses branded O. K. on the left hip, then belonging to the firm of Maulding & Woodburn, of Mora county, N. M., also the ranch known as the "O. K. Ranch," situate in said county, New Mexico, together with two or more claims of water-rights; that said first instalment of $15,000 was duly paid; and that it was further understood and agreed between the parties that the plaintiff should, on or before the maturity of payment of the last $15,000, execute and deliver to defendant a deed for said ranch and water-rights, and that the said cattle should number at least as many as one thousand five hundred, and said horses should number at least eighteen head, and that said plaintiff would, on or before the maturity of the said last $15,000, furnish to said defendant the tally of said cattle, and would, on or before the maturity

of the said last payment, deliver to the defendant the number of one thousand five hundred head of cattle, upon the said ranch; that the plaintiff has not made or executed the deed of conveyance or other title to the ranch and water-rights, but has wholly refused to deliver said tally, and did not deliver to the defendant one thousand five hundred head of cattle, but only delivered one thousand head.

Plaintiff replies, specifically denying the matters contained in the answer.

The sole issue presented in the court below was whether or not the plaintiff had contracted to make the deed of conveyance of the ranch, with the water-rights, and to deliver fifteen hundred or more head of cattle, and eighteen head of horses, and to tally the cattle before the last payment.

The cause was tried to the court, and the findings of the court were favorable to the plaintiff; upon the findings, judgment was rendered in favor of plaintiff and against defendant for the sum of $15,000 and $375 interest. To reverse this judgment, defendant prosecutes this appeal.

The arguments of both parties are addressed exclusively to the issue as above set forth, and appellant urges that the evidence does not support the findings. The plaintiff contends that, at the time of the contract of purchase, he sold the cattle upon the range by the brands, and only such interest as he had in the ranch and water-rights, which was that of a squatter's interest.

It is wholly unnecessary for us to incorporate into this opinion a lengthy abstract of the testimony. The rule of this court is: "Where the evidence is conflicting, and the findings of the trial court are not manifestly against the weight of the evidence, the judgment will not be disturbed." *Ullman v. McCormic*, 12 Colo. 553. A careful review of the evidence satisfies us that there was sufficient proof to warrant the findings of the court. On the

part of plaintiff, written and oral proof was introduced. The first exhibit is in the figures and words following:

"Denver, Colo., April 14, 1886.   It is hereby agreed by and between T. F. Maulding and the Wendling Cattle and Land Company that T. F. Maulding shall purchase for said company, of John K. Woodburn, his (Woodburn's) undivided half interest in the Maulding & Woodburn Cattle and Ranch Property, situated in Mora, New Mexico, including all of said Woodburn's said interest in the O. K. brand, at a cost not exceeding $30,000, and on the following terms, to wit: $15,000 to be paid by the said Wendling Cattle and Land Company on the first day of July, 1886, and $15,000 on the first day of October, 1886. T. F. MAULDING.   By E. F. LAMB, President of Wendling Cattle and Land Company.   [Corporate seal of the Wendling Cattle and Land Company.]   Attest: S. S. SMYTHE,. Secretary."

Maulding testifies that, in pursuance of the above paper, he purchased Woodburn's undivided one-half interest for $30,000, and agreed to pay, as that article states, $15,000 on the 1st day of July, and $15,000 on the 1st day of October, and that Woodburn turned over all of his interest in cattle of the O. K. and I O U brands, and all horses and ranches, executing a bill of sale therefor, and that he was satisfied at the time of the purchase that he received between fifteen hundred and two thousand head of cattle, and eighteen horses and two mules, and that the ranches were turned over to the company, since which time, and up to the present day, the defendant company has been in the possession of them; that, at the time of the purchase, he understood the character of the plaintiff's claim to the ranches, and it appears from his testimony that no agreement was entered into whereby plaintiff contracted to make deeds, or to deliver any precise number of cattle, or to tally the cattle.   The bill of sale is in words and figures as follows:

" Pinion Ranch, April 29, 1886.   This is to certify that

I have this day bargained, sold and delivered to the Wendling Land and Cattle Company, of Colorado, for and in consideration of the sum of thirty thousand (30,000) dollars, one-half payable July 1, 1886, and the balance payable October 1, 1886, all of my undivided half interest in all cattle bearing O. K. and I O U brands, and all horses branded O. K. on left hip, now belonging to the firm of Maulding & Woodburn, of Mora county, New Mexico, also the ranch known as the 'O. K. ranch,' situated about fourteen miles from Wagon Mound, Mora county, New Mexico, together with two more claims of permanent water, situate on same arroyo just below said ranch. John K. Woodburn."

Maulding was the agent of the company to negotiate and complete this purchase. He was the manager of the company's interests in New Mexico, and his contract of purchase was subsequently ratified by the payment of the first $15,000, and taking possession of the stock and ranches. No claim of the nature embraced in the answer appears to have been spoken of to plaintiff until after October 10, 1886. This is evidenced by President Lamb's letter of date September 20, 1886, to plaintiff, and is supported by the testimony of the plaintiff, and by circumstances of a corroborative character testified to by witnesses on the part of the defendant.

Our conclusion is, the judgment should be affirmed.

Pattison and Reed, CC., concur.

Per Curiam. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*