No. 16,875.

FRANCIS *v.* O'NEAL.
(257 P. [2d] 973)

Decided May 4, 1953.   Rehearing denied May 25, 1953.

JANE WOODHOUSE, for plaintiff in error.

Mr. Benjamin C. Hilliard, Jr., Mr. Barkley L. Clan-ahan, for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the court.

Gus Francis, to whom we hereinafter refer as plaintiff, brought an action for damages which he alleged he suffered as the result of an assault and battery on him by H. E. O'Neal, hereinafter designated as defendant.

Upon issues joined by defendant's answer, trial was to a jury which resolved the issues in favor of the plaintiff and assessed his actual damages in the sum of $1,-750.00. Judgment was entered on the verdict. Defendant moved for a new trial, and in ruling upon this motion the trial Judge said:

"So far as the verdict is concerned, the damages were not excessive, it was not only the mental and physical suffering that he testified to, but also there was mortification and humiliation that the plaintiff suffered, also the loss of clothes. So far as the verdict of $1,750.00 is concerned, had it been double that amount the court would have had no hesitancy in saying that the damages were not excessive.

"However, the court is of the opinion that due to the fact that the testimony of the illness of the father and the business chance transaction which might have had a tendency to take the minds of the jury from the real issue in this case and that the defendant was prejudiced thereby, the court is going to grant the motion.

"The court can find no error in the instructions at this point, but does find that the admission of certain evidence, *even though later ruled out,* did prejudice the defendant.

"The Court cannot determine how far that was, and in the court's opinion, it was the testimony of your own

Mr. Johnson and Mr. Cleary and Mr. O'Neal that resulted in this substantial verdict [These witnesses appeared for defendant]. But for fear the admission of this testimony as to the illness of the plaintiff's father, the remarks of the mother and the prolonged evidence on the real estate transaction, which the court is responsible for — you are not responsible, Miss Woodhouse — the errors are on the part of the court, the court should have limited the evidence on the transaction and the reason for going to the defendant's office, in the event of a new trial that evidence can be limited. The motion is granted." (Emphasis supplied.)

Counsel for plaintiff was allowed time in which to elect whether she would stand on the record as made, or have a retrial of the case. She elected to stand upon the record as made, and the trial court then dismissed the action. Plaintiff brings the case here by writ of error, and this action of the trial court is the only matter to be determined.

It definitely appears from the record that Nick Francis, father of plaintiff, had listed for sale his property known as "Colonial Drive-In" with defendant, a business chance broker. Defendant submitted an offer on behalf of a prospective buyer, and the contract not being satisfactory to Nick Francis, he had another contract prepared by one of his sons and this document was submitted to defendant's representative by Nick Francis and his sons, Gus Francis and George J. Francis. There is evidence in the record that in a telephone conversation with plaintiff, defendant characterized the new contract as "ridiculous" and "double talk"; that "no buyer would sign such a contract," and defendant concluded that the contract "would not be considered." This conversation was followed by a written demand on Nick Francis by defendant for sixteen hundred fifty dollars "commission" for procuring a purchaser for Nick Francis' property.

The evidence discloses that plaintiff's father, desiring

the return of the new contract he had submitted, sent plaintiff to defendant's office to obtain the paper. This demand was refused, and plaintiff was ordered to leave the office. Defendant admitted that he struck the plaintiff on the head with a window pole, and contended that he did so in order to protect himself and to evict plaintiff from his office. There is no dispute that plaintiff's injuries required the services of a physician and a brief hospitalization; also, there is no dispute that plaintiff's father was ill; that defendant's representative urged a sale, in view of the father's illness, and stated "that it would be to his best interest to take any deal that came along." In cross-examining plaintiff, defendant's counsel asked the following questions and plaintiff made the answers quoted below: "Q. Is it not true that your father had been sick for some time and that was the reason you wanted to sell the business? A. He was very tired. Q. He had been for some time. He was not in good health, isn't that true? A. That is very true. Q. But it was because of his health that you wanted to sell, wasn't it? A. Yes."

Defendant's objection to a question concerning the death of plaintiff's father was sustained.

When the motion for a new trial was heard, the trial court did not have before it a transcript of the evidence. The motion contained the following: "The court erred in permitting George Francis, one of counsel for the plaintiff, to say in substance, referring to the testimony of Mary Francis, that 'What my mother is trying to say in her broken English, is that my father's hospitalization was brought about by the news of the blow struck my brother.'" However, the record shows the following: "Q. Were you there when he (the father) became sick? A. Yes. Q. What did he do? Mr. Clanahan: I object, your Honor.

"The Court: Objection sustained. Q. When did Gus next see your husband, his father? A. After he got off the General Hospital he came to my place. Miss Wood-

house: We are prepared to present this witness' testimony through an interpreter.

"Mr. Hilliard: If I may interpret what she said, she said her husband — the plaintiff came to the hospital where her husband was and he had his head—

"Mr. George Francis: The broken English was, 'After my son come off from the hospital' which meant after he left the hospital he returned to the Colonial Drive-In.

"Mr. Hilliard: I move that the statement made by counsel be stricken and the jury instructed to disregard it.

"The Court: We will let it stand."

\* \* \*

"Q. Did you hear Gus say anything to his father? A. Yes.

"Mr. Clanahan: Objection.

"The Court: Objection sustained."

Considering the evidence as submitted and the fact that defendant's counsel elicited matters pertaining to the father's illness, we fail to find anything in the record by which the jury could have been misled or prejudiced in its determination of the single issue presented, which was: Did the defendant assault the plaintiff without justification, and, if so, what damages did plaintiff sustain? The trial court concluded that the verdict was consistent with substantial justice, and attributed it in part at least to the testimony of defendant's witnesses.

■ A new trial will not be granted for error which did not prejudice or harm the party seeking a new trial, or where the trial resulted in substantial justice. The alleged error of which complaint is here made did "not affect the substantial rights of the parties." Rule 61 R.C.P. Colo.

■ In *Clifford v. Denver S.P. & P.R. Co.,* 12 Colo. 125, 20 Pac. 333, our court said: "The discretion vested in the trial court to grant or refuse a new trial is neither an arbitrary nor a general discretion." See, also, *Scott v.*

*Matsuda,* 127 Colo. 267, 255 P. (2d) 403, by this court March 23, 1953.

■ A new trial will not be granted because of the erroneous admission of evidence where the record affirmatively shows that the error was not prejudicial. *Chapin v. Goodell,* 2 Colo. 608; *Ullman v. McCormic,* 12 Colo. 553, 21 Pac. 716; *Mooney v. Carter,* 114 Colo. 267, 160 P. (2d) 390; *West v. Schwarz,* 182 F. (2d) 721.

The jury was definitely instructed by the trial court that, "Evidence offered at the trial and rejected by the court and evidence stricken from the record by order of the court should not be considered by you. The opening statements and the arguments of counsel and the remarks of the court and of counsel are not evidence."

We find no prejudicial error in the rulings of the trial court in the matter of evidence, neither do we perceive any prejudicial error in the instructions given by the court. The motion for new trial was not based upon the insufficiency of the evidence to support the verdict.

■ We have carefully reviewed all of the evidence in the case and conclude that the grounds upon which the trial judge relied in granting the motion for a new trial did not exist. The evidence supports the verdict, and the granting of the motion for a new trial under such circumstances was an abuse of discretion on the part of the trial Judge.

The judgment is reversed and the cause remanded with direction to the trial court to vacate its order of dismissal of the action, reinstate the verdict and enter judgment in favor of plaintiff in accordance with the verdict of the jury.