No. 9286.

DENVER & RIO GRANDE RAILROAD COMPANY v. CADDO REALTY COMPANY.

1. COMMON CARRIER OF LIVE STOCK—*Shippers' Notice of Loss or Injury.* Where the contract of shipment so provides the shipper must give written notice of any injury to the stock or loss thereof, and this notice cannot be waived. *Atchinson Co. v. Miller,* Colo. 163, Pac. 836 followed.

2. TRIAL—*Misconduct of Counsel.* Where the attorney of the party successful in the court below had in closing, indulged in an inflammatory appeal to the prejudices of the jury, based on matters having no relation to the cause, this misconduct alone *held* to require a reversal.

*Error to Alamosa District Court, Hon. Jesse C. Wiley, Judge.*

Mr. E. N. CLARK, Mr. G. A. LUXFORD, for plaintiff in error.

Mr. FRED D. STANLEY, Mr. JAMES D. PILCHER, for defendants in error.

Mr. Justice Bailey delivered the opinion of the court.

THE Denver & Rio Grande Railroad Company, plaintiff in error, defendant below, brings this cause here to review a judgment of the District Court where The Caddo Realty Company, Fred W. Brizedine and John H. Brizedine, defendants in error, plaintiffs below, were awarded $881.00 as damages on account of the alleged negligence and careless handling by the railroad company of a shipment of sheep. In this opinion the parties will be designated as in the trial court.

This shipment in question consisted of approximately one thousand ewes ready to lamb. They were loaded at Corona, New Mexico, and billed to Alamosa, Colorado, and

the shipment was interstate, and is governed by Federal law as to all features involved in this suit. *A. T. & S. F. v. Miller*, 163 Pac. (Colo.) 836.

Numerous errors have been assigned, but in determining the case it will be unnecessary to discuss but two. The assignment chiefly relied upon ' for reversal goes to the question of whether, in view of the limited liability of car-riers, as set forth in the usual and ordinary live stock ship-ping contract, under which this stock moved, it is essential that the shipper give written notice to the railroad com-pany of loss or damage within a fixed time before such animals be removed from the place of delivery as a condi-tion precedent to the right of recovery. The contract is substantially the same as the one involved in *A. T. & S. F. v. Miller, supra,* relating to giving written notice of loss, which in part is as follows:

"That, in order that any loss or damage to be claimed by the shipper may be fully and fairly investigated and evi-dence thereof preserved, said shipper agrees that, as a con-dition precedent to his right to recover any damages for loss or death of or injury to said stock during transporta-tion, or at any place where the same may be loaded or un-loaded, or any damages caused by delay or otherwise, in the transportation thereof, or damage to said shipper caused by decline in market taking place during delay in transportation, or by reason of loss of contract of sale due to such delay, the shipper, when final delivery is made on the company's lines, shall and will give notice in writing of such loss or damage to some officer of the company or to the station agent of the company at the station nearest to the place where said stock is delivered, before such stock shall have been removed from the place of delivery and before such stock shall have been slaughtered or com-mingled with other stock, and said shipper further agrees that he will not remove said stock from the place of de-livery until the expiration of three (3) hours from the service of notice aforesaid; and where final delivery of said

stock by the company shall not be made on the company's lines to the shipper or consignee, but to a connecting carrier, such written notice of loss or damage, as aforesaid, shall be given to some officer of the company or to the station agent at the last station on the company's lines reached by the shipment, and before such shipment is removed from the station where delivery is made to such connecting carrier. No claim for any damages or for loss or death or injury to live stock covered by this contract, however occurring, or for damages to said shipper caused by decline in market taking place during delay in transportation, or by reason of loss of contract of sale due to such delay, shall be allowed or recovered, unless written claim therefor shall be presented to the Freight Claim Agent of the company at Denver, Colorado, within thirty (30) days after the shipment shall have reached final destination. A failure to comply with the terms of this section shall be a complete bar to any recovery of any and all damages, and none of the provisions or conditions of this section shall be waived except by a general officer of the company, and by him only in writing."

In the Miller case, *supra,* as in the case at bar, it appears that oral notice of loss was given, but in the former case it was held that such character of notice is not sufficient under the contract. It was there held, and the rule is abundantly supported by authority, that the giving of written notice can not be waived, and that any notice other than that required by the contract is insufficient. See also *Abell v. A. T. & S. F. Ry. Co.,* 100 Kans. 238, 164 Pac. 269, L. R. A. 1918E 782, where a contract similar to the one here involved was under discussion, in which the court said:

"Written notice of the claim of injuries and damages is expressly required by the contract. Doubtless the purpose was that the nature of the injury and the extent of the claim may be definite so that the carrier may examine the cattle as to the claimed injury while the evidence of the loss and injury is available. It is the view of the court that the

specific requirement that the written notice shall be in writing is one which can not be waived."

The above is the well established rule. It is laid down and approved in the Miller case, *supra*, many authorities, both Federal and state, being cited and quoted from in its support. It is manifest, therefore, in the absence of such notice, that the action of plaintiffs will not lie. It is vigorously contended, however, that the required notice was actually given. If so, the record fails to show it. For such apparent failure to give the written notice required by the terms of the contract, the cause must be reversed and remanded for a new trial.

Even had it appeared that the action of plaintiffs was supported by proof of the essential contract notice, still there is another assignment of error which in and of itself alone necessitates a reversal. This assignment is predicated upon the character of the closing talk to the jury of Mr. James D. Pilcher, one of the attorneys for plaintiffs. The major portion of the remarks complained of were directed to matters wholly outside the record, and absolutely and completely foreign to the case. This alleged argument was more than prejudicial. It utterly ignored the idea of the proper administration of justice between parties, and was inconsistent with and completely subversive of proceedings having such purpose in view. This address constituted a most flagrant abuse of the privilege of an attorney in argument to a jury. It was simply an inflammatory appeal to passion and prejudice, based upon matters having no relation to the case, and was away beyond legitimate comment even as matter of illustration. It had to do in the main with conditions not even remotely involved, and it scarcely touched upon or referred to anything which was within the issue.

The judgment will be reversed and the cause remanded for a new trial in accordance with and to conform to the views herein expressed.

Judgment reversed and cause remanded for a new trial.

Mr. Chief Justice Garrigues and Mr. Justice Allen concur.