## No. 12,702.

NATIONAL SURETY COMPANY *v.* MORLAN.
(13 P. [2d] 260)

Decided June 27, 1932.

Messrs. BLOUNT, SILVERSTEIN & ROSNER, for plaintiff in error.

Mr. H. BERMAN, Mr. FRED N. HOLLAND, for defendant in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

MORLAN had judgment for $1,500 against the National Surety Company on a burglary insurance policy. The surety company seeks a reversal contending, among other things, that the misconduct of plaintiff's attorney constitutes reversible error.

An affidavit filed by the attorney for the surety company in support of its motion for a new trial charges that:

"Attorney for plaintiff, in making his final argument to the jury, sought to inflame the minds of the jury and to prejudice them against defendant by stating that defendant is a large insurance company having assets worth in excess of $15,000,000.00; that in the defense of this suit it is relying entirely upon a technicality and abuse of the plaintiff and reflections upon his character instead of defending the case on the merits and is following the practice of insurance companies generally of failing to pay just claims and of seeking to defraud policyholders of their rights of recovery and forcing them to compromise and settle claims on account of the expense and time required in litigation, and other remarks of a prejudicial and inflammatory character, appealing to the prejudice of the jury and not justified by the pleadings or the evidence in the case, to all of which affiant, as attorney for defendant, repeatedly objected, during said argument; that said remarks were unjustified and constituted gross misconduct on the part of said attorney for plaintiff, and in view of the facts and circumstances disclosed, by the evidence, were sufficient, in the opinion of affiant, to cause the jury to render a verdict in favor of plaintiff and against defendant."

■■ The charges therein contained are not denied. Plaintiff's ownership of the scarf pin in question was vigorously contested by defendant and the testimony thereon was sharply conflicting. The evidence of theft was purely circumstantial. In these circumstances, we must hold that defendant was not accorded the fair trial which our Constitution and laws guarantee. An insurance company is entitled to the same fair trial as an individual. Especially is this true when our experience has shown us that many jurors are fundamentally favorable to an individual plaintiff in a suit against an insurance company. In such cases, using counsel's cogent expression, "it requires very little abuse and vilification by the attorney for the plaintiff to so arouse the prejudice of the jury that they will render a verdict against the insurance

company, regardless of the weight or sufficiency of the evidence.''

In *Coe v. VanWhy*, 33 Colo. 315, 80 Pac. 894, the fact that insurance companies generally protected defendants in personal injury suits was brought to the attention of the jury upon counsel's argument. Therein, on page 321, Mr. Justice Campbell states: ''Counsel knew when he made it that it was improper and reprehensible, and it is fair to presume that he would not have done so, had he not supposed that some advantage to his client would thereby be gained. In such cases counsel who thus seeks to obtain that result takes upon himself the risk of losing what he hopes to secure.''

The Circuit Court of Appeals of the Tenth Circuit, in *Woolworth Co. v. Davis*, 41 Fed. (2d) 342 (April, 1930), after citing with approval *Coe v. VanWhy, supra,* on page 346, states:

''The Supreme Court, in no uncertain tones, has recently spoken of the imperative necessity of keeping trials of fact in the United States courts upon a high plane; of making of them in fact a search for the truth, and not an arena for the contest of shrewd lawyers playing upon the passions and prejudices of juries. After a verdict below on ample evidence, and an affirmance by the Court of Appeals, the Supreme Court reversed a personal injury case because the plaintiff's lawyer had referred in his argument to 'this eastern railroad,' 'a claim-agent defense,' and other irrelevant but prejudicial matters. The court, speaking through Mr. Justice Stone, said:

'' 'That the quoted remarks of respondents' counsel so plainly tended to excite prejudice as to be ground for reversal, is, we think, not open to argument. The judgments must be reversed, with instructions to grant a new trial. Respondents urge that the objections were not sufficiently specific to justify a reversal. But a trial in court is never, as respondents in their brief argue this one was, 'purely a private controversy * * * of no importance

to the public.' The state, whose interest it is the duty of court and counsel alike to uphold, is concerned that every litigation be fairly and impartially conducted and that verdicts of juries be rendered only on the issues made by the pleadings and the evidence. The public interest requires that the court of its own motion, as is its power and duty, protect suitors in their right to a verdict, uninfluenced by the appeals of counsel to passion or prejudice.''

Other cases to the same effect are: *Smith v. People,* 8 Colo. 457, 8 Pac. 920; *Grant v. Varney,* 21 Colo. 329, 40 Pac. 771; *Perry v. People,* 63 Colo. 60, 163 Pac. 844; *Rocky Mountain Co. v. Bakarich,* 66 Colo. 275, 180 Pac. 754; *Denver Co. v. Caddo Co.,* 66 Colo. 403, 182 Pac. 877; *Larison v. Taylor,* 83 Colo. 430, 266 Pac. 217; *Stewart & Co. v. Newby,* 266 Fed. 287.

Accordingly the judgment is reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BUTLER concur.