FRANK WISNIEWSKI, Respondent, *v.* JEM NOVELTY CORP. et al., Appellants.

First Department, October 22, 1964.

*Julius S. Christensen* of counsel (*Constantine Reguses,* attorney), for appellants.

*Jacob D. Fuchsberg* of counsel (*Stanley N. Yankelevitz* with him on the brief; *Fuchsberg & Fuchsberg,* attorneys), for respondent.

*Per Curiam.* Plaintiff has recovered a judgment for $65,347.05 entered upon a verdict of a jury for personal injuries sustained by him when a taxicab he was driving was involved in a collision with a vehicle operated by defendant Blau, and owned by the other defendant. The accident occurred at the intersection of Seventh Avenue and 46th Street, Manhattan, on November 28, 1957 at about 9:00 P.M.

The testimony of plaintiff and his witnesses was that plaintiff's taxicab was proceeding south on Seventh Avenue with the traffic lights in his favor when the cab was struck by defendants' vehicle. Defendant Blau testified he was proceeding in an easterly direction along 46th Street, that his car began to cross Broadway, while the light was green, and that when he passed the island separating Broadway and Seventh Avenue, the light turned to yellow. The collision occurred while he was in the intersection. It was defendants' contention that plaintiff should have seen defendants' car before continuing to cross the intersection and that failure to do so constituted contributory negligence as a matter of law.

The evidence thus presented questions of negligence and contributory negligence which were properly submitted to the jury in a charge to which defendants took no exception. While some of this court are of the opinion that the finding of the jury as to the absence of contributory negligence is against the weight of the credible evidence, the court does not reach that question in view of the other grounds deemed sufficient to require a reversal of the judgment and the granting of a new trial.

Primarily, the verdict of the jury was predicated in part on plaintiff's claim that he sustained a herniated disc in the lumbar spine as a result of the accident. Plaintiff's doctor testified that this injury and its sequalae were caused solely by the accident. There was no adequate proof to support that conclusion.

The first diagnosis that plaintiff had a herniated lumbar disc was made in January, 1962, approximately four years and two

months after the accident on November 28, 1957. Although during the intervening time plaintiff had been examined by more than a dozen doctors and had been hospitalized on four occasions, no doctor who examined plaintiff during that period detected such a condition. One doctor had seen the plaintiff 47 times in the period between October, 1958 and January, 1959, without finding the herniated disc.

In addition, in the period between the 1957 accident and the diagnosis of the herniated lumbar disc, plaintiff was involved in another automobile accident in 1960 in which he sustained low back injuries. Plaintiff was confined to a hospital as a result of the 1960 accident for a period of 11 days in June, 1960. Significantly, plaintiff in a bill of particulars, filed in a suit concerning the 1960 accident, claimed that as a result of the 1960 accident he had sustained, among other injuries, " pain in the low back radiating down both legs ". Dr. Seaman, who first made the diagnosis of a herniated lumbar disc in January, 1962, testified that the symptoms described in the bill of particulars in the 1960 accident suit, could be a sign of a herniated disc, and that other symptoms, indicating the presence of such a condition, were also attributable to the 1960 accident.

In our opinion, the testimony adduced by plaintiff attempting to relate the presence of the herniated lumbar disc to the 1957 accident must be rejected as lacking substantial probative force in that such conclusions are " contingent, speculative or merely possible ". (See *Quinones* v. *St. Vincent's Hosp.*, 20 A D 2d 529; *Matter of Riehl* v. *Town of Amherst*, 308 N. Y. 212, 216; *Matter of Peploe* v. *Burns Bros.*, 281 App. Div. 134.)

We would, in any event, reverse the judgment and grant a new trial because of the grossly improper and prejudicial remarks of plaintiff's counsel during the defendants' summation. In the course of his summation, defendants' counsel stated to the jury: " When the plaintiff starts a lawsuit through his lawyer, he files what is known as a bill of particulars to tell us what his injuries are, how badly he is hurt. Not what injuries he got in other accidents. The ones he is claiming in this one, the ones he is suing for, the ones that he wants to make the jury take money out of a man's pocket to pay him for; that is what he files this paper for."

Plaintiff's counsel objected to the reference to " money out of a man's pocket " and elaborated on his objection in the following language: " If your Honor please, I just dislike to interrupt, and while I think there has been provocation, I haven't interrupted up to this point, but this business about money out of the pocket is an improper statement, and we are not con-

cerned with that. *The jury is not concerned whatsoever with the question of collection of judgment. No problem about that, no question."* (Emphasis supplied.)

The Trial Justice agreed that the objection was well taken and that defense counsel's terminology was not "good language". Defendants' counsel took an exception. But counsel for plaintiff persisted in pursuing the subject further with the following comments:

" [Plaintiff's counsel]: And, your Honor, what I have in mind is that if counsel wants to make references like this, *I want to have a right to have some comments on the source of payment of judgment.*

" The Court: On what? [Plaintiff's counsel]: *I want to have the right to make comment on the source of payment of judgment."* (Emphasis supplied.)

A motion immediately made by defendants' counsel for a mistrial was denied.

The retort by plaintiff's attorney to the reference by defendants' counsel to taking "money out of a man's pocket" and the sustaining of the objection should have concluded the exchange. There was no occasion for further comment. The persistence of plaintiff's attorney in pursuing the matter further with the additional comments was highly improper, was unwarranted and was a palpable attempt in an oblique way to bring to the jury's attention the existence of insurance. The remarks are clearly objectionable, and in a close case must be deemed to have resulted in substantial prejudice. The Trial Justice should have declared a mistrial when defendants' counsel so moved. (*Kuznicki* v. *Kuszowski*, 2 A D 2d 216.)

The judgment should therefore be reversed on the law and the facts, and a new trial granted, with costs and disbursements to defendants-appellants except, however, that one half of the disbursements, to be taxed, shall abide the event.

BREITEL, J. P., VALENTE, MCNALLY, STEVENS and EAGER, JJ., concur.

Judgment unanimously reversed on the law and the facts, and a new trial granted, with $50 costs and disbursements to defendants-appellants except, however, that one half of the disbursements, to be taxed, shall abide the event.