**Alison M. SWARTWOOD, as Personal Representative of the Estate of Darwyn L. Swartwood, Deceased, Plaintiff-Appellee,**

v.

**BURLINGTON NORTHERN, INC., a Delaware corporation, Defendant-Appellant.**

No. 82CA0199.

Colorado Court of Appeals, Div. II.

Aug. 4, 1983.

Morrisard & Rossi, P.C., David B. Kiker, John J. Rossi, Aurora, for plaintiff-appellee.

James P. Gatlin, John L. Pilon, Denver, for defendant-appellant.

*TURSI, Judge.*

In this wrongful death action brought under the Federal Employers' Liability Act (FELA), defendant, Burlington Northern, Inc., (Burlington) appeals the jury's award of $800,000 to plaintiff, Alison M. Swartwood, as personal representative of her deceased husband, Darwyn L. Swartwood. Burlington contends that the court erroneously prevented introduction of evidence of plaintiff's remarriage or her current marital status, that improper remarks prejudicing Burlington's case were made by plaintiff's counsel at closing argument, and that there was error in certain jury instructions given and in the rejection of certain tendered instructions. We reject these claims of error and affirm the judgment.

While employed as a brakeman for Burlington, the decedent was killed in a train collision near Angora, Nebraska. He is survived by plaintiff and their two minor children. When plaintiff instituted suit, Burlington initially denied liability and alleged that decedent was solely or contributorily negligent, but ultimately admitted liability. Trial to a jury was held solely on the question of damages.

## I

Burlington first contends that the court erred by granting plaintiff's motion *in limine* barring evidence or mention at any stage of the case of plaintiff's remarriage to Joseph Arnold. The court limited Burlington's inquiry at *voir dire* to whether the jurors knew Arnold, and prohibited mention of his marital relationship to plaintiff.

██ Burlington argues that, because this case is brought under FELA, Colorado case law on evidentiary issues is inapplicable. We disagree. The FELA does create the exclusive *substantive* remedy in all cases coming within its terms. However, so long as federally created substantive rights are not obstructed, questions involving production and admissibility of evidence in FELA cases are governed by state law. *Rodriquez v. Denver & Rio Grande Western R.R. Co.,* 32 Colo.App. 378, 512 P.2d 652 (1973).

██ In wrongful death actions brought in Colorado, evidence of the surviving spouse's remarriage is irrelevant; the decedent's beneficiaries and their damages must be calculated as of the time of decedent's death. *Barnhill v. Public Service Co.,* 649 P.2d 716 (Colo.App.1982). The trial court thus properly limited questions and evidence related to plaintiff's remarriage subsequent to Darwyn Swartwood's death.

## II

██ Burlington next alleges that it was prejudiced by plaintiff's counsel's reference to Burlington's failure to call an expert witness. We note that the witness was listed in Burlington's pre-trial statement, he was present in the courtroom, and he was referred to several times by Burlington. Burlington neither objected to plaintiff's remarks at closing, nor did it request a curative instruction or a mistrial. In fact, Burlington specifically addressed those comments during its closing. Under these circumstances, we decline to find the comments so inherently prejudicial as to require a new trial. *Celebrities Bowling, Inc. v. Shattuck,* 160 Colo. 102, 414 P.2d 657 (1966).

## III

██ Burlington's remaining claims of error concern certain jury instructions given and certain instructions tendered and refused by the court. We find these claims to be without merit. In view of the record showing that the instructions, as a whole, correctly stated the law as applied to the facts, and the tendered instructions were either incorrect, repetitive, or irrelevant, the court's refusal of Burlington's tendered instructions was proper. *Schlesselman v. Gouge,* 163 Colo. 312, 431 P.2d 35 (1967).

Judgment affirmed.

PIERCE and VAN CISE, JJ., concur.