**E. Charleen APPEL, Plaintiff-Appellee,**

**v.**

**SENTRY LIFE INSURANCE COMPANY, a Wisconsin corporation; Frank Sandt, and others whose true names are unknown, Defendants-Appellants.**

**No. 82CA0871.**

Colorado Court of Appeals, Div. IV.

Feb. 21, 1985.

Rehearing Denied March 21, 1985.

Certiorari Granted June 10, 1985.

Fasing & Fasing, P.C., Gregory J. Fasing, Timothy L. Fasing, Lakewood, for plaintiff-appellee.

Hall & Evans, Raymond J. Connell, Alan Epstein, Denver, for defendant-appellant Sentry Life Ins. Co.

White & Steele, P.C., Robert A. Zupkus, Stephen G. Sparr, Denver, for defendant-appellant Frank Sandt.

SILVERSTEIN *, Judge.

Defendants, Sentry Life Insurance Company (Sentry) and Frank Sandt, appeal from a jury verdict entered against them in favor of plaintiff, E. Charleen Appel. We reverse.

On June 14, 1979, plaintiff's husband, Robert C. Appel, met with defendant Sandt, an agent of Sentry, for the purpose of obtaining a life insurance policy to cover the $10,200 mortgage on his home. At that time, Appel executed an application for a five-year level term life insurance policy in the amount of $10,000 to be issued by Sentry. Because Appel was over 60 years old, Sentry rejected his application and submitted a $5,000 whole life policy together with an "amendment to application" form to Sandt. The amendment form was returned to Sentry with a signature purporting to be that of Appel.

Following her husband's death, plaintiff found that the policy as issued purported to be a $5,000 whole life policy. Attached to the policy was an "amendment to application" form that had not been executed. Contending that the policy should have been issued in accordance with her husband's application, plaintiff filed a claim for $10,000. Sentry, on the basis of the executed "amendment to application" form in its possession, denied plaintiff's claim for $10,000 and paid her $5,000.

Thereafter, plaintiff filed suit alleging that her husband's signature on Sentry's amendment form had been forged by an unidentified agent of Sentry; that the conduct of Sentry and Sandt in connection with the issuance of the policy and the denial of her claim had been attended by fraud and wanton, reckless disregard of her rights, feelings, and sensibilities; and that she had incurred substantial emotional anxiety, loss of enjoyment of life, humiliation, psychological trauma, and other injuries, as a result of the acts of both Sentry and Sandt. At the close of evidence, plaintiff's case was submitted to the jury on her claims of civil conspiracy, outrageous conduct, deceit based on fraud, and breach of contract. The jury returned a verdict in favor of plaintiff awarding $50,000 compensatory and $50,000 exemplary damages against Sandt, and $5,000 compensatory damages and $700,000 exemplary damages against Sentry.

### I.

On appeal, defendants contend that the trial court erred in permitting plaintiff to call and cross-examine defendants' handwriting expert in plaintiff's case-in-chief. In conjunction with this contention, defendants argue that the trial court improperly allowed plaintiff to impeach the expert with

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3),

and § 24-51-607(5), C.R.S. (1982 Repl.Vol. 10).

a deposition taken in connection with an unrelated matter. We agree.

■ Although a party may call a witness identified with an adverse party and interrogate that witness or attack his credibility, CRE 611(c) and 607; *Bruce Hughes, Inc. v. Ingels & Associates, Inc.*, 653 P.2d 88 (Colo.App.1982), the criteria for admissibility set forth in C.R.C.P. 32(a) must be met when a deposition is used for impeachment purposes. *Hamilton v. Hardy*, 37 Colo.App. 375, 549 P.2d 1099 (1976).

■ Here, the expert's deposition was taken prior to the occurrence of the events leading up to the case at bar for use in a matter being litigated in California. Thus, defendants were not "present or represented at the taking of the deposition," nor did they have "reasonable notice thereof" as required by C.R.C.P. 32(a). Therefore, the trial court erred in allowing use of the deposition for impeachment purposes. The credibility of this witness was a crucial factor at trial.

## II.

■ One instruction given to the jury set forth the statutory definition of misrepresentation in insurance applications, § 10–3–1104(1)(j), C.R.S., and stated that a violation of the statute constituted negligence. We agree with defendants' contention that the giving of this instruction constituted reversible error.

In *Farmers Group, Inc. v. Trimble*, 658 P.2d 1370 (Colo.App.1982), aff'd, 391 P.2d 1138 (Colo.1984), this court held that §§ 10–3–1101 through 10–3–1112, C.R.S., provide only for state regulation of insurance companies and do not authorize private civil actions for damages as a remedy for violations thereof. Accordingly, the giving of the challenged instruction constituted error.

## III.

Because several of defendants' remaining contentions of error are likely to arise on retrial, we will address them here.

## A.

■ During trial, the court admitted into evidence, over defendants' objection, three greeting cards given to plaintiff by her husband. Each of the cards contained sentimental messages, and one contained a photograph of plaintiff and her husband. Although the cards were offered to show exemplars of the husband's handwriting, none of the cards was used by the handwriting experts in arriving at their opinion as to whether plaintiff's husband's signature on the amendment to the application had been forged. Sandt contends, and we agree, that admission of these cards into evidence was erroneous. The cards, having no probative value as to the claims asserted by plaintiff, serve only to inflame the emotions of the jury and should be excluded upon proper objection on retrial. *See Jensen v. South Adams County Water & Sanitation District*, 149 Colo. 102, 368 P.2d 209 (1962); *Good v. A.B. Chance Co.*, 39 Colo.App. 70, 565 P.2d 217 (1977); CRE 401 and 403.

## B.

■ Defendants also cite as error the trial court's refusal to instruct the jury in accordance with their theory of the case. During trial, defendants produced some evidence showing that plaintiff had examined the insurance policy shortly after receipt and should have known that it was a $5,000 whole life policy. If, on retrial, defendants' theory of waiver is supported by competent evidence, an instruction on this theory should be given to the jury. *Xerox Corp. v. ISC Corp.*, 632 P.2d 618 (Colo.App.1981).

## C.

Sentry also contends that the trial court erred in permitting the jury to assess exemplary damages against it. In support of this contention, Sentry argues that exemplary damages cannot be assessed on the basis of the conduct of an agent; that exemplary damages may not be awarded for breach of contract; and that exemplary damages are inappropriate in light of the

statutory sanctions and regulations set forth in §§ 10–3–1101 through 10–3–1112, C.R.S. These contentions, under the circumstances here, are without merit.

In *Fitzgerald v. Edelen,* 623 P.2d 418 (Colo.App.1980), Restatement (Second) of Agency § 217C (1958) was adopted in its entirety. That section provides, in part, that punitive damages can properly be awarded against a principal because of an agent's act if the principal authorized or approved the act. *See also Holland Furnace Co. v. Robson,* 157 Colo. 347, 402 P.2d 628 (1965). Here, because there was evidence to support the instruction based upon Restatement (Second) of Agency § 217C (1958), the exemplary damages issue was properly submitted to the jury.

The jury was also instructed that exemplary damages could be awarded against Sentry only if actual damages were awarded to plaintiff on her claims of fraud or outrageous conduct. Although the verdict forms as to each defendant did not provide for findings on the separate claims for relief upon which the jury awarded actual damages, we must presume that the jury followed the instructions, *Lindauer v. LDB Drainlaying,* 38 Colo.App. 266, 555 P.2d 197 (1976), and awarded exemplary damages on the basis of plaintiff's claim of fraud or outrageous conduct, not on her claim of breach of contract. To avoid this problem on retrial, special verdict forms should be submitted to the jury.

Finally, the proposition that §§ 10–3–1101 through 10–3–1112, C.R.S., prohibit an award of exemplary damages is untenable. Although this statutory scheme fails to include the remedy of a private civil action in its sanctions, it does not preclude a private civil action in tort, such as fraud, or outrageous conduct, in which exemplary damages may be properly awarded. *See Farmers Group, Inc. v. Trimble, supra; DeCicco v. Trinidad Area Health Ass'n,* 40 Colo.App. 63, 573 P.2d 559 (1977).

## D.

We agree with Sentry that plaintiff's counsel's remarks concerning insurance companies during closing argument strayed far outside the record in order to appeal to the passion and prejudice of the jury. *See National Surety Co. v. Morlan,* 91 Colo. 164, 13 P.2d 260 (1932); *Greene v. Julius Lefkowitz & Co.,* 470 P.2d 586 (Colo. App.1970) (not selected for official publication). Therefore, on retrial, plaintiff's closing argument should be restricted to the evidence presented.

## IV.

In light of our resolution of the foregoing matters, defendants' contentions relative to denial of their motions for continuance, for withdrawal of counsel, and to exclude certain expert testimony need not be addressed since they are now moot. Defendants' remaining contentions are without merit.

The judgment is reversed and the cause is remanded for new trial.

ENOCH, C.J., and HODGES *, J., concur.