**COOK INVESTMENT COMPANY, a Colorado general partnership, Plaintiff,**

v.

**SEVEN–ELEVEN COFFEE SHOP, INC., a Colorado corporation, and Beverly Eberle, Third–Party Plaintiffs and Defendants–Appellants,**

v.

**HARRIS HOTEL, Third–Party Defendant–Appellee.**

No. 91CA0970.

Colorado Court of Appeals,
Div. IV.

April 23, 1992.

Rehearing Denied May 28, 1992.

Certiorari Denied Dec. 14, 1992.

Lowery, Lamb and Lowery, P.C., Philip E. Lowery, Denver, for third-party plaintiffs and defendants-appellants.

Weller, Friedrich, Ward & Andrew, Mari K. Perczak, Christie A. Bachmeyer, Denver, for third-party defendant-appellee.

Opinion by Judge DUBOFSKY.

Defendants, Seven–Eleven Coffee Shop, Inc., and Beverly Eberle, appeal the judgment entered against them on their third-party claims against Harris Hotel. We affirm.

This action was brought by a landlord, Cook Investment Company, against its tenant, Seven–Eleven Coffee Shop, Inc., and Beverly Eberle, as personal guarantor, for claims under a lease agreement. Seven–Eleven counterclaimed against Cook and filed a third-party complaint against the Harris Hotel for negligence, constructive eviction, wanton and wilful conduct, and

lost profits. Julius Berger is the sole owner of the Harris Hotel.

■ Defendants contend that the trial court erred in refusing to grant a mistrial when counsel for the Harris Hotel made a comment during her closing argument indicating that her client had no insurance.

■ The statement at issue occurred during the following portion of the summation of counsel for the Harris Hotel:

> Let's talk about the issues that you need to decide today on the claims of Seven–Eleven against Mr. Berger. Now, the jury instructions say Harris Hotel, but Harris Hotel isn't a corporation. Mr. Berger is the owner of that corporation, and anything he has to pay, anything Harris has to pay *it's coming out of his pocket.* There is not a corporation that he can use to show.... (emphasis added)

At that point, defendants' counsel objected and moved for a mistrial. Defendants argued that the conduct of Harris Hotel's attorney was improper because there was insurance available to cover a monetary judgment against Harris Hotel. After hearing arguments on the motion, the trial court instructed the jury to disregard the statement regarding who would bear responsibility for payment of a judgment against the Harris Hotel. The court further instructed the jury that the statements and arguments of counsel were not evidence.

Defendants argue that this comment erroneously informed the jury that Harris Hotel and its owner, Berger, had no insurance and that a judgment would thus have significant personal economic impact on them. Defendants are implicitly arguing that if, as here, the party stating that a judgment must "come out of his pockets" knows that there is insurance coverage, then such statements are so egregious that, as a matter of law, a mistrial must be granted. Thus, defendants are, in essence, seeking a *per se* mistrial rule under the circumstances at issue here.

In response, Harris Hotel argues that this comment resulted, in part, from the fact that Berger, who was the owner of the Harris Hotel, would be responsible for a judgment against it and yet was not a named party. Harris Hotel also claimed that defendants made confusing and misleading references in using the Harris Hotel and Berger names. Because these factors may have motivated counsel's misstatements, Harris Hotel implicitly argues that the trial court's denial of defendants' motion for mistrial reflected the fact that this statement was not flagrant.

While we agree with defendants and the trial court that this argument was improper, we refuse to adopt a *per se* rule and conclude here that the trial court did not abuse its discretion in not declaring a mistrial.

In *St. Pierre v. Houde,* 269 A.2d 538 (Me.1970), the court determined that defense counsel's statement that his client would have to pay damages "out of his own pocket" not only created an improper inference that defendant lacked insurance but also violated the rule that prohibits reference to the financial status of a party.

Because such or similar statements suggest the absence of insurance and are seen as attempts to create sympathy, numerous other courts have found that a counsel's statement that his client must personally pay a judgment is improper. *Mobile Cab & Baggage Co. v. Busby,* 277 Ala. 292, 169 So.2d 314 (1964); *Laguna v. Prouty,* 300 N.W.2d 98 (Iowa 1981); *Vanderlinde v. Wehle,* 274 Minn. 477, 144 N.W.2d 547 (1966); *Wisniewski v. Jem Novelty Corp.,* 22 A.D.2d 10, 253 N.Y.S.2d 418 (1964); *Priel v. R.E.D., Inc.,* 392 N.W.2d 65, 68 A.L.R.4th 945 (N.D.1986); *Miller v. Staton,* 64 Wash.2d 837, 394 P.2d 799 (1964).

We agree with these cases and hold that the statement here should not be permitted either in closing argument or otherwise in a jury trial.

The dispositive question thus becomes whether the statement was, as a matter of law, reversible error or whether the trial court's cautionary instruction was adequate. We conclude that the trial court's denial of a mistrial was not an abuse of its discretion.

In *Johns v. Shinall*, 103 Colo. 381, 86 P.2d 605 (1939), our supreme court modified the prior rule which held that any mention of insurance constituted reversible error. The court indicated that, in most situations, the issue of whether a mistrial should be granted is left to the discretion of the trial court, and unless the trial court abuses this discretion, error will not be found on appeal.

The *Shinall* court also indicated that only when the mention of insurance occurs in a flagrant manner that clearly prejudices the rights of a defendant is the trial court's denial of the motion for a mistrial reversible error. Thus, incidental mention of insurance before a jury does not *ipso facto* require a mistrial. *See also Blecker v. Kofoed*, 714 P.2d 909 (Colo.1986); *Jacobs v. Commonwealth Highlands Theater, Inc.*, 738 P.2d 6 (Colo.App.1986).

This analysis of statements informing the jury of the existence of insurance is, in our view, applicable to the circumstances here in which the jury was implicitly informed, albeit erroneously, that there was no insurance.

As previously indicated, defendants argue that, since Harris Hotel's counsel knew there was insurance coverage, her implicit representation to the contrary was of such a flagrant nature that reversal is required. While we agree with the general proposition that knowing and flagrant misstatements to the jury about the presence or absence of insurance coverage require a mistrial, *see Blecker v. Kofoed, supra*, and *Jacobs v. Commonwealth Highlands Theater, Inc., supra*, for several reasons we conclude that, under these particular circumstances, the trial court did not abuse its discretion in not declaring a mistrial.

First, we note that the improper statement was made only once. *See Celebrities Bowling, Inc. v. Shattuck*, 160 Colo. 102, 414 P.2d 657 (1966); *Greene v. Julius Lefkowitz & Co.*, 470 P.2d 586 (Colo.App.1970) (not selected for official publication). Also, the trial court issued an immediate curative instruction which ameliorated the statement's damage. *See Laguna v. Prouty, supra.* Further, since the propriety of this statement had not been precisely ruled on in Colorado, the offending counsel could not have been aware, by virtue of prior judicial decision, that such statements were clearly improper.

Finally, defendants have failed to provide a transcript of the trial, and thus, this court is precluded from reviewing the evidence to ascertain the overall importance of the improper statement. *See Francis v. O'Neal*, 127 Colo. 432, 257 P.2d 973 (1953); C.R.C.P. 61. *See also People v. Morgan*, 199 Colo. 237, 606 P.2d 1296 (1980) (party claiming reversible error has responsibility of providing adequate appellate record).

For these reasons, we conclude that the trial court did not abuse its discretion in denying defendants' request for a mistrial.

The judgment is affirmed.

CRISWELL and MARQUEZ, JJ., concur.