Daniel G. **ORTIVEZ** and Bonnie L. Ortivez, Plaintiffs–Appellees,

v.

Scott Andrew **DAVIS**, Defendant–Appellant.

No. 93CA1920.

Colorado Court of Appeals, Div. II.

March 23, 1995.

Rehearing Denied April 20, 1995.

Certiorari Granted Sept. 25, 1995.

LeHouillier and Associates, Patric J. Le-Houillier, Steven H. Schinker, Barkley Heuser, Joseph R. Winston, Colorado Springs, for plaintiffs-appellees.

Kane Donley & Shaffer, Mark H. Kane, Colorado Springs, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, Scott Andrew Davis, appeals from a judgment entered in favor of plaintiffs, Daniel G. and Bonnie L. Ortivez, on their claims for compensatory and punitive damages. We affirm.

While seated in their vehicle at a controlled intersection, plaintiffs were ' struck from behind by a vehicle driven by defendant. The evidence established that, at the time of the collision, defendant was intoxicated.

After a jury trial, verdicts were returned which awarded plaintiff Daniel G. Ortivez $5,000 and plaintiff Bonnie L. Ortivez $7,000 as compensatory damages for personal injuries sustained by each of them. In addition, the jury awarded each of the plaintiffs the sum of $100,000 as punitive damages.

## I.

Defendant first contends that the trial court erred in refusing to declare a mistrial after plaintiffs' counsel asked a witness an improper question. We disagree.

Plaintiffs presented evidence that defendant was intoxicated at the time of the accident. Plaintiffs' treating physician later testified concerning plaintiffs' physical injuries. On cross examination, counsel for defendant questioned the witness concerning the possible effect on plaintiff Daniel Ortivez's physical condition that his previous alcoholism may have had.

On redirect, plaintiffs' counsel asked the witness: "What sort of effect would a B.A. [blood alcohol level] of .38 have on an individ-ual—." Defendant immediately objected on the grounds that there had been no evidence presented as to the blood alcohol level of any of the parties. The objection was sustained. The witness then testified, without objection, concerning the debilitating effects of different blood alcohol levels. Defendant later requested a mistrial because of the prejudicial effect of the initial question. The request was denied.

■ Counsel's statements of fact concerning matters not admitted or established by the evidence may be grounds for a mistrial, *Park Stations, Inc. v. Hamilton*, 38 Colo. App. 216, 554 P.2d 311 (1976), if the prejudice engendered thereby denies a party the constitutional right to a fair trial. *See National Surety Co. v. Morlan*, 91 Colo. 164, 13 P.2d 260 (1932). This decision is within the sound discretion of the trial court, however, and will not be disturbed on appeal absent an abuse of that discretion. *Pyles–Knutzen v. Board of County Commissioners*, 781 P.2d 164 (Colo.App.1989).

■ Here, the question to the witness was never answered. And, although the jurors were not immediately instructed to disregard that question, the record does not indicate that defendant requested such an instruction. *See Celebrities Bowling, Inc. v. Shattuck*, 160 Colo. 102, 414 P.2d 657 (1966) (failure to request curative measures).

The jurors were, however, instructed in the general charge that they should consider only the evidence received at trial, and that "statements, remarks, arguments, and objections by counsel ... are not evidence." *See Cook Investment Co. v. Seven–Eleven Coffee Shop, Inc.*, 841 P.2d 333 (Colo.App.1992). In addition, the reference was never repeated. *See Celebrities Bowling, Inc. v. Shattuck, supra.*

Finally, the question asked did not refer to any particular individual, and it was asked in response to questioning concerning *plaintiffs'* alcohol use. In this context, the jury could not be certain whether it referred to defendant or to one of the plaintiffs. *See Johns v. Shinall*, 103 Colo. 381, 86 P.2d 605 (1939).

Under these circumstances, we cannot say that the question was so prejudicial that the trial court abused its discretion in refusing to grant a mistrial.

## II.

Defendant next contends that the trial court erred in applying the punitive damage statute in its form prior to its amendment in 1986 that restricted the award of such damages. *Compare* § 13–21–102, C.R.S. *with* § 13–21–102, C.R.S. (1987 Repl. Vol. 6A). Specifically, defendant contends that the enacting clause of the 1986 amendment, establishing its effective date, must be interpreted to mean that the amended statute applies to all civil actions filed after its effective date, regardless of when the cause of action accrued. We disagree.

### A.

■ A court's task in construing a statute is to ascertain and give effect to the intent of the General Assembly, looking first to the language of the statute itself. *People v. Zapotocky,* 869 P.2d 1234 (Colo.1994). The general canons of statutory construction may be applied to determine the correct effective date of a statute. *Tacorante v. People,* 624 P.2d 1324 (Colo.1981). A statute susceptible to more than one interpretation is ambiguous, requiring the court to look beyond the words of the statute. *General Electric Co. v. Niemet,* 866 P.2d 1361 (Colo.1994).

The enacting clause of the 1986 amendment says: "This act shall take effect July 1, 1986, and shall apply to *civil actions accruing* on or after said date." Colo.Sess.Laws 1986, ch. 106, § 13–21–102 at 676 (emphasis supplied). Plaintiffs filed this action after July 1, 1986, but the accident occurred before that date.

■ We agree with defendant's contention that the emphasized phrase is ambiguous. While a "cause of action" is generally said to "accrue" upon the happening of certain extrajudicial events, *see* § 13–80–108(1), C.R.S. (1994 Cum.Supp.), a "civil action" is a lawsuit which has actually been commenced in a court of competent jurisdiction. *See*

§ 13–80–107.5(2)(a), C.R.S. (1994 Cum. Supp.).

Thus, it is not clear from the face of this provision whether the General Assembly intended the amended statute to apply to all future *lawsuits* or only to new *causes of action.* Nor do we find anything in the substance of the act or in its underlying purpose to enable us to resolve this question.

### B.

■ If an ambiguity cannot be resolved by reference to the terms of the statute itself, it is appropriate to look to the pertinent legislative history. *General Electric Co. v. Niemet, supra.* Here, unfortunately, the ambiguous phrase was contained in the bill as originally introduced, and it was never debated by any of the various committees that considered the bill.

The General Assembly, however, has enacted statutory provisions setting out applicable rules of statutory construction. Among them is § 2–4–303, C.R.S. (1980 Repl. Vol. 1B), which provides:

> The repeal, revision, amendment, or consolidation of any statute or part of a statute or section or part of a section of any statute shall not have the effect to release, extinguish, alter, modify, or change in whole or in part *any penalty, forfeiture,* or liability, *either civil or criminal,* which shall have been incurred under such statute, unless the repealing, revising, amending, or consolidating act *so expressly provides,* and such statute or part of a statute or section or part of a section of a statute so repealed, amended, or revised shall be treated and held as still remaining in force for the purpose of sustaining any and all proper actions, suits, proceedings, and prosecutions, criminal as well as civil, for the enforcement of such penalty, forfeiture, or liability, as well as for the purpose of sustaining any judgment, decree, or order which can or may be rendered, entered, or made in such actions, suits, proceedings, or prosecutions imposing, inflicting, or declaring such penalty, forfeiture, or liability. (emphasis supplied)

Thus, if plaintiffs' claim for punitive damages constitutes a "penalty or liability" that was "incurred" under the prior punitive damages statute, the 1986 amendment did not "alter, modify, or change" defendant's liability, because that amendment did not "expressly" provide otherwise.

The term "penalty" as used in this statute applies not only to punishments imposed in actions brought by the People, but also to non-compensatory awards available to private litigants. *See Empire Diesel, Inc. v. Brown,* 146 Colo. 477, 361 P.2d 964 (1961) (attorney fees); *Waddell v. Traylor,* 99 Colo. 576, 64 P.2d 1273 (1937) (triple damages for usury); *Cavanaugh v. Patterson,* 41 Colo. 158, 91 P. 1117 (1907) (personal liability of directors for debts of corporation not complying with reporting requirements).

*Palmer v. A.H. Robins Co.,* 684 P.2d 187 (Colo.1984) is not to the contrary. Our supreme court there held that punitive damages do not constitute a "penalty" for purposes of the special statute of limitations applying to actions brought under "any *penal* statutes." Section 13–80–103(1)(d), C.R.S. (1987 Repl. Vol. 6A) (emphasis supplied). Section 2–4–303, however, applies to both *civil* and criminal penalties.

We conclude, therefore, that § 2–4–303 applies to any amendment or repeal of a statute providing for the award of punitive damages.

There is some uncertainty as to what it means for liability to be "incurred" for purposes of § 2–4–303.

Some decisions, focusing on the phrase "for the purpose of sustaining any and all proper actions, suits [and] proceedings," seem to suggest that the statute applies only to suits that have been commenced, *see Vail v. Denver Building & Construction Trades Council,* 108 Colo. 206, 115 P.2d 389 (1941); *People in Interest of M.K.A.,* 31 Colo.App. 275, 502 P.2d 101 (1972), or at least filed. *See Brown v. Challis,* 23 Colo. 145, 46 P. 679 (1896).

The more recent opinions, however, have applied the statute even though the suit had not been filed until after the amendment or

repealer was adopted. *See People in Interest of M.K.A.,* 182 Colo. 172, 511 P.2d 477 (1973); *Martinez v. People,* 174 Colo. 365, 484 P.2d 792 (1971); *State v. McMillin,* 150 Colo. 23, 370 P.2d 435 (1962); *Waddell v. Traylor, supra.* These decisions indicate that the liability is "incurred" within the meaning of the statute when the cause of action accrues, irrespective of the date litigation is commenced. *See also* 1A N. Singer, *Sutherland Statutory Construction* § 23.37 (5th ed. 1993).

We conclude, therefore, that the presumption established by § 2–4–303 applies to the 1986 amendment to § 13–21–102 and that the amendment must be interpreted as "saving" plaintiffs' punitive damages claim under the prior statute.

Moreover, we do not read the opinion in *Amber Properties, Ltd. v. Howard Electrical & Mechanical Co.,* 775 P.2d 43 (Colo.App. 1988), as requiring a different result. While the remand order in that case required application of the 1986 amendment, no issue was raised there with respect to the applicability of that amendment. And, to the extent that the remand order there may be based upon an implied conclusion contrary to that which we have reached, we respectfully decline to adopt that conclusion. *See Seaward Construction Co. v. Bradley,* 817 P.2d 971 (Colo. 1991) ("date the action accrues" refers to date of injury).

## III.

Lastly, defendant argues that the award of punitive damages was improper because there was no evidence produced of the extent of defendant's wealth. He argues that that factor must be considered in determining a proper punitive damages award, and because no such evidence was presented here, the claim for punitive damages should not have gone to the jury. He also contends that the amount of the verdict is excessive as a matter of law. We disagree with both contentions.

Under the prior version of the statute, defendant had the option of introducing evidence of his limited means (if such they were) in order to encourage the jury to

moderate its award. However, such evidence was not indispensable, and the award could stand without it. *Evans v. Thompson,* 762 P.2d 754 (Colo.App.1988).

Further, the size of a punitive damages award is necessarily committed in the first instance to the discretion of the fact finder, and a reviewing court will not disturb the award absent an abuse of that discretion. *Walford v. Blinder, Robinson & Co.,* 793 P.2d 620 (Colo.App.1990). An excessive award will be set aside only if it appears that the jurors were impermissibly motivated by passion or prejudice. In considering this question, the court reviews the nature of defendant's acts, the economic status of defendant, and the deterrent effect of the award on others. *Palmer v. A.H. Robins Co., supra.*

Here, there was ample evidence before the jury that the accident occurred while the defendant was driving under the influence of alcohol. The award here was not designed to punish defendant for whatever inadvertence directly caused the accident. Rather, it was the decision to drive while drunk which the jurors apparently wished to punish and to deter. Under these circumstances, we cannot say, as matter of law, that the jury was improperly motivated or that, considering the factors which should influence such an award, their awards were excessive.

Judgment affirmed.

ROY and VAN CISE *, JJ., concur.