Tammi LUNSFORD, Lori Hustwaite, Kathy Webster, Perry E. Nelson, III, a minor, and Brooke Erin Nelson, a minor, By and Through their legal guardian ad litem Ellen Trujillo, Plaintiffs–Appellees and Cross–Appellants,

v.

WESTERN STATES LIFE INSURANCE and North American Life & Casualty Company, Defendants–Appellants and Cross–Appellees.

No. 92CA0323.

Colorado Court of Appeals, Div. IV.

May 2, 1996.

Haddon, Morgan & Foreman, P.C., Harold A. Haddon, Rachel A. Bellis, Denver, Haines & Olsen, P.C., Susan G. Haines, Denver, for Plaintiffs–Appellees and Cross–Appellants.

Phelps, Singer & Dunn, Alan Gary Dunn, Joan M. Riordan, Denver, for Defendants–Appellants and Cross–Appellees.

Opinion by Chief Judge STERNBERG.

Plaintiffs, Tammi Lunsford, Lori Hustwaite, Kathy Webster, Perry E. Nelson, III, and Brooke Erin Nelson, were contingent beneficiaries of insurance policies on the life of their father Perry E. Nelson, Jr. Upon his death the insurance policy proceeds were paid to the primary beneficiary, Nelson's widow, Sharon. When it was later discovered that the widow had assisted in murdering Nelson, plaintiffs sued the defendants, Western States Life Insurance and North American Life and Casualty Company (insurers), alleging that the insurer had negligently paid the insurance proceeds to the widow. A jury trial resulted in a verdict and judgment in favor of the plaintiffs.

A division of this court reversed, holding that the notice provisions of the "slayer statute," § 15–11–803, C.R.S. (1987 Repl.Vol. 6B) protected the insurers from liability. *Lundsford v. Western States Life Insurance,* 872 P.2d 1308 (Colo.App.1993).

On certiorari review, the supreme court reversed in *Lunsford v. Western States Life Insurance,* 908 P.2d 79 (Colo.1995), a divided court ruling that the "slayer statute" was inapplicable. Relying on common law principles, the court held that the killer could not receive the proceeds of a victim's life insurance policy, that the insurers were obligated to act reasonably when disbursing policy proceeds, and that the district court's reliance on a negligence standard was appropriate.

Pursuant to the supreme court directive, the cause is now before us with instructions to consider the unresolved issues raised on appeal. In complying with the supreme court's remand, we note that its decision addressed contentions based upon or relating to the "slayer statute" and the jury verdict finding the insurers to have been negligent. Hence, we consider all such contentions as beyond our purview.

## I.

■ The insurers contend that the trial court erred in refusing to give the jury an instruction defining "reasonable grounds" as that term is used in a statute placing a duty on "every corporation or person" to report a suspected crime. We are not persuaded.

The trial court instructed the jury, pursuant to § 18–8–115, C.R.S. (1986 Repl.Vol. 8B):

It is the duty of every corporation or person who has *reasonable grounds* to believe that a crime has been committed to report promptly the suspected crime to law enforcement authorities .... (emphasis added)

The insurers tendered an instruction containing a definition of "reasonable grounds," as follows:

Reasonable grounds require an honest belief in the guilt of the person charged, supported by facts sufficiently strong to warrant that belief in a cautious man. One has reasonable grounds if he believes the guilt of the person charged to be true, and the appearances justify the belief as reasonable. Mere conjectures and suspicions will not warrant a reasonable man in instituting a prosecution.

The trial court rejected this tendered instruction.

Relying on *People v. Nanes*, 174 Colo. 294, 483 P.2d 958 (1971), the insurers argue that "reasonable grounds" is synonymous with "probable cause"; therefore, the trial court's failure to define reasonable grounds for the jury was misleading and confusing as it could have concluded that mere suspicious circumstances were sufficient to give rise to the duty to report a crime under the statute.

The issue in *Nanes* was whether a police officer had probable cause to make a warrantless arrest and to conduct a subsequent search incident to that arrest. There, the supreme court stated that "reasonable grounds" had substantially the same meaning as "probable cause" as used in the statute permitting warrantless arrests by police officers. However, in our view, the definition in *Nanes*, a criminal case, has little, if any, relevance here.

■ Section 18–8–115 does not require the degree of certainty on the part of the citizen reporting the commission of a crime as does the probable cause standard that police officers are held to in making warrantless arrests. *See* § 16–3–102(1)(c), C.R.S. (1986 Repl.Vol. 8A). Moreover, the subject matter of the tendered instruction was adequately covered by other instructions given the jury; thus, there was no error. *Sniezek v. Cimino*, 146 Colo. 119, 360 P.2d 813 (1961).

## II.

■ We also reject the insurers' argument that the trial court erred in not granting a mistrial because of references to the insurers' assets and net worth.

During cross-examination, plaintiffs' counsel asked a defense witness whether one of the defendant insurance companies had "approximately a billion dollars of assets in 1984." Defendants' attorney objected and moved for a mistrial on the grounds that § 13–21–102(6), C.R.S. (1987 Repl.Vol. 6A) precludes introducing evidence of a defendant's financial status in any civil action in which exemplary damages may be awarded.

Noting that the question had the potential for significant prejudice, the trial court nevertheless denied defendants' motion. However, the court did instruct the jury to disregard the question concerning the defendant's net worth, explaining that evidence of income or net worth of a party was not to be considered in determining the propriety or amount of damages.

At the outset, we note that the jury did not award any exemplary damages, indicating that defendants were not prejudiced by the language of the question. Here, the improper statement was part of a leading question during cross-examination. The witness re-

sponded that he did not know the answer, and the question was not repeated. The trial court instructed the jury to disregard the question.

Under these circumstances, we perceive no abuse of discretion in the trial court's denial of a mistrial. *Ortivez v. Davis,* 902 P.2d 905 (Colo.App.1995).

### III.

The insurers also contend that they were entitled to a mistrial or should be awarded a new trial because of references in the testimony of an expert witness concerning insurance companies no longer involved in the case. In our view, such reference was inadvertent, and in any event, did not constitute grounds for mistrial. *See Ortivez v. Davis, supra; Jacobs v. Commonwealth Highland Theatres,* 738 P.2d 6 (Colo.App. 1986).

### IV.

Because plaintiffs' cross-appeal raised "conditional" arguments to be pursued only if this case were to be remanded for a new trial, it is unnecessary to address them.

The judgment is affirmed.

JONES and MARQUEZ, JJ., concur.